## Smith v. Commonwealth.

(Decided January 15, 1932.)

JOHN W. CAUDILL for appellant.

J. W. CAMMACK, Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN—
Denying motion to reinstate appeal.

On May 15, 1931, the appellant was tried under an indictment for murder, found guilty of the crime of manslaughter, and sentenced to serve five years in the penitentiary. On May 18, her motion and grounds for a new trial were overruled. On June 27, the bill of exceptions was tendered in court and on June 11th was filed. On September 11, 1931, the record was filed in this court, and when the case was called on the docket September 21, 1931, no briefs for the parties having been filed, it was passed to the second call of the docket on December 4, 1931. On the second call of the docket, the appellant still being in default in the filing of her brief, this case was dismissed without prejudice. On January 9, 1931, appellant filed this motion to reinstate this appeal on the docket, and in support of that motion filed two affidavits, the first being that of appellant's counsel, which recites that from the date this case was tried in the Floyd circuit court until "the date the brief was due in the Court of Appeals," he was continuously occupied in the Floyd and Knott circuit courts and that upon receipt

of information that the case had been dismissed for want of brief, he had dictated to an associate, Mr. Oscar P. Bond, a motion to reinstate the appeal. The other affidavit, that of Mr. Bond, is simply to the effect that appellant's counsel had dictated to him the motion to reinstate the appeal and that he had sent it to this court for filing. Appellant's counsel seems to be laboring under the impression that as a matter of right appellant is entitled to have this case reinstated on the docket. In this he is in error. Section 760 of the Civil Code of Practice empowers the Court of Appeals to make rules for the convenient dispatch of business, the preservation of order, the argument of cases or motions, and in respect to certain other matters not here material. Pursuant to this power, the court has enacted certain rules. By section 6 of rule V, provision is made for the time when briefs in criminal cases must be filed. By section 3 of rule II, it is further provided that should a case be passed to the second call of the docket, as was done in this case, and then when called the appellant be still in default in the filing of his brief, the court shall dismiss the appeal without prejudice or affirm the case. This rule is necessary for the orderly and prompt dispatch of the business of the court. It is as much the court's duty to see that cases are promptly tried and disposed of as it is that of counsel. The affidavit of appellant's counsel fails to show any reason why a brief was not filed in time, other than that embraced in the statement therein that he was continuously occupied in the circuit courts of Floyd and Knott counties between the trial of this case in the circuit court and the date the brief was due in this court. Whether this last statement means when the brief was due on the original hearing or on the second call is not clear, but we will indulge the presumption that the second call was meant. Counsel, however, does not state that his time was so occupied that it was impossible for him to prepare a brief for this court, nor does he state that within the time allowed him for the filing of his brief it was impossible for him to make application with a proper showing for an extension of time within which to file his brief. Cases will not be reinstated on the docket after they have been dismissed pursuant to section 3 of rule II unless a showing satisfactory to the court is made as to why the briefs were not filed as the rules prescribe, and as none was made here, the motion to reinstate will have to be, and it is

hereby, overruled. We may add, however, that out of an abundance of caution, we have examined in the light of the appellant's brief now tendered the record herein, and find that this disposition of the case works no prejudice to any substantial right of the appellant on the merits.